

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CEDRIC THOMPSON                                                                       PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:05cv123WHB-AGN

THOMAS FORTNER                                                                       DEFENDANT

## MEMORANDUM OPINION

This cause is before the court, *sua sponte*, for consideration of dismissal. Plaintiff Cedric Thompson, an inmate incarcerated in the South Mississippi Correctional Facility, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendant is Thomas Fortner, the public defender who represented the plaintiff in his criminal case. As relief, the plaintiff is seeking monetary damages. (Complaint [document #1] and Response [document #8]).

### Background

In the instant civil action, the plaintiff contends that the defendant conspired with the state trial judge and the district attorney to deny him a jury trial.[1] The plaintiff complains that the defendant knew that the plaintiff wanted to testify on his own behalf in his criminal case. However, even though he was in custody across the courtyard and could have been present at his trial, the plaintiff argues that "judicial officers of the court . . . failed to compel my presence to ascertain if Mr. Fortner was depriving plaintiff his constitutional right to be present at trial and to testify in his own behalf." (Complaint -- attached page 1 [document

---

[1] In his complaint, the plaintiff presented a second claim alleging that his conviction and sentence were invalid. The plaintiff filed a motion to strike that claim. (Motion to Strike [document #8]). An order [document #9] was entered granting the plaintiff's motion to strike the second claim.

#1]). Furthermore, the plaintiff complains that defendant Fortner should not have represented him due to a conflict of interest and prejudice involved. The plaintiff also contends that the actions by the defendant along with the state trial judge and district attorney were "to secure a conviction to prevent plaintiff from pursing a civil suit against the owner of the business where plaintiff was shot three (3) times in the back. (Complaint -- attached page 2 [document #1]).[2]

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The Supreme Court has concluded that, in order to act under color of state law, the defendant in an § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. West, 487 U.S. at 49 (citing United States v. Classic, 313 U.S. 299, 326 (1941)).

---

[2]On October 8, 1997, the plaintiff was convicted. (Response [document #11]).

The plaintiff has named as the defendant his court appointed attorney. In order to maintain an action pursuant to § 1983, the defendant must be a state actor acting under color of state law. The mere fact that the defendant may have been court appointed does not establish that he was a state actor nor does the fact that he is licensed to practice law in this state, and therefore as a general matter the defendant is not subject to suit pursuant to 42 U.S.C. § 1983. Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972), cert. denied, 410 U.S. 957 (1973).

However, if a private attorney has conspired with a state actor to deprive a person of his constitutional rights then the private attorney may be held liable pursuant to 42 U.S.C. § 1983 although the co-conspirators are immune. See Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988). The plaintiff contends that the defendant along with the state trial judge and district attorney conspired to deny him his constitutional right to a jury trial. According to the complaint, their actions were also taken to secure a conviction so that the plaintiff could not pursue a civil complaint. Further, the plaintiff claims that the defendant should not have represented him because of a conflict of interest. As discussed below, notwithstanding the plaintiff's claim of a conspiracy, he cannot maintain this civil action against the defendant, Thomas Fortner.

The plaintiff's allegations of a conspiracy are clearly based on (1) his constitutional right to a jury trial and (2) his constitutional right to an effective assistance of counsel being violated. If either of these allegations are proven to be true, the plaintiff's conviction would be rendered unconstitutional. See United States v. Davis, 61 F.3d 291, 301 (5th Cir. 1995) (quoting Illinois v. Allen, 397 U.S. 337, 338 (1970) ("The right of a criminal defendant to be present at her trial is preserved by both the Sixth Amendment and common law.")); see also

3

Strickland v. Washington, 466 U.S. 668 (1984) (The right to counsel "is the right to the effective assistance of counsel.")) Thus, the plaintiff's claims place into issue the validity of his conviction and sentence. As such, this court finds that the plaintiff's claims under § 1983 are precluded by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 2372 (footnotes omitted) (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

If plaintiff is successful in this § 1983 action, it would necessarily imply the invalidity of his conviction entered on October 8, 1997. Since this § 1983 action calls into question the validity of plaintiff's conviction and because according to the plaintiff response [document #8]

4

filed May 2, 2005, the plaintiff's conviction and/or sentence has been invalidated, this court finds that plaintiff's complaint should be dismissed.

### Conclusion

As discussed above, the plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims are dismissed with prejudice until he has met the Heck conditions. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

### Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "Strike"[3]. If the plaintiff receives "three strikes," he will be denied in forma pauperis status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 7th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.